NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LINFO IP, LLC,**
*Plaintiff-Appellant*

**v.**

**TRUSTPILOT, INC.,**
*Defendant*

_____

2025-1368

_____

Appeal from the United States District Court for the Southern District of New York in No. 1:24-cv-02796-JMF, Judge Jesse M. Furman.

_____

Decided: July 6, 2026

_____

WILLIAM PETERSON RAMEY, III, Ramey LLP, Houston, TX, for plaintiff-appellant.

_____

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and BISSOON, *Chief District Judge*.[1]

PER CURIAM.

Linfo IP, LLC (Linfo) appeals the United States District Court for the Southern District of New York's dismissal of its patent infringement action. *See Linfo IP, LLC v. Trustpilot, Inc.*, 761 F. Supp. 3d 679, 683 (S.D.N.Y. 2025) (*Decision*). The district court reviewed the claims of U.S. Patent No. 9,092,428 ('428 patent) under the two-step framework outlined in *Alice Corp. Pty. v. CLS Bank International*, 573 U.S. 208 (2014), and determined they were invalid under 35 U.S.C. § 101. *Decision*, 761 F. Supp. 3d at 683. While this appeal was pending, Linfo and Trustpilot, Inc. (Trustpilot) entered into a settlement agreement (Agreement) in which Linfo granted Trustpilot a license to the '428 patent. Because we find that Linfo and Trustpilot's Agreement ended the controversy between the parties, we *dismiss* the appeal as moot.

## BACKGROUND

Linfo is the owner of the '428 patent, entitled "System, Methods and User Interface for Discovering and Presenting Information in Text Content." The '428 patent discloses "[a] system with methods and user interface for discovering and presenting information in text content with different view formats." '428 patent at Abstract.

On April 12, 2024, Linfo initiated this litigation against Trustpilot. Linfo alleged that Trustpilot, through its website which enables users to review and rate businesses, directly and indirectly infringed claims 1–20 of the '428 patent. *Decision*, 761 F. Supp. 3d at 683–84. In response,

---

[1]    Honorable Cathy Bissoon, Chief District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

Trustpilot filed a motion to dismiss on the grounds that the claims of the '428 patent are ineligible under § 101. *Id.* at 684. The district court granted Trustpilot's motion, finding the claims were invalid under the *Alice* framework, and dismissed Linfo's infringement suit. *Id.* at 690.

Linfo timely appealed. Trustpilot declined to participate and informed the court that it had entered into an agreement with Linfo. *See* ECF No. 17. In response, we ordered Linfo to provide (1) a copy of the Agreement with Trustpilot and (2) supplemental briefing addressing whether this appeal was moot. ECF No. 33. Linfo submitted additional briefing and the Agreement in compliance with our order. *See* ECF Nos. 34 (Suppl. Br.), 35 (Agreement).[2]

## DISCUSSION

Article III of the Constitution limits our jurisdiction to "cases and controversies." We have described the case and controversy requirement as limiting our review to "concrete, living contests between adversaries." *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1220 (Fed. Cir. 2001) (citation omitted). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013) (citation omitted). On appeal, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest

---

[2]    Section 5 of the Agreement states its terms are confidential and limits disclosures "to the extent reasonably necessary." Agreement § 5. We thus limit our disclosures of the Agreement's terms to those we deem "reasonably necessary" to conduct our jurisdictional inquiry. Our discussion of the relevant terms is also in line with Linfo's description of the Agreement in its supplemental briefing.

in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

Linfo and Trustpilot's Agreement triggers a jurisdictional inquiry for this court because, if the Agreement ended the controversy between the parties, we must dismiss this case as moot. *See Genesis*, 569 U.S. at 72. Because the Agreement settled all claims in the underlying lawsuit, we determine the Agreement has ended the controversy.

Section 2.1 of the Agreement grants Trustpilot a "worldwide and irrevocable license" to "make . . . use, offer for sale, [and] sell" products or services covered by the '428 patent "[s]ubject to [Trustpilot's] payment of the Settlement Fee." Agreement § 2.1(a); *see also id.* §§ 1.3–1.4 (defining "Licensed Patents" as including Linfo's "Patents-in-Suit"). The Agreement further states that "[i]n consideration of *the settlement of all claims in the Lawsuits*, [and] the license and covenants granted in Section 2.1 of this Agreement," Trustpilot's payment of the Settlement Fee "shall be made within forty-five (45) business days of the Effective Date of this Agreement." *Id.* § 3.1 (emphasis added). The term of the Agreement runs from the Effective Date, March 8, 2025, "until the expiration of the last to expire of the Licensed Patents." *Id.* § 8; *see also id.* at 1, 12.

Though the Agreement requires Trustpilot to "covenant[] and warrant[] that it shall not contest or assist in the contest in any forum, including Federal Courts . . . that the Licensed Patents are valid and enforceable," it includes a carve out for Trustpilot's ability to participate in this appeal. *Id.* § 2.1(d) ("[N]othing in this Paragraph or in this Agreement shall prevent [Trustpilot] from fully participating in the pending *Linfo IP, LLC v. Trustpilot, Inc.*, [Case] No. 25-1358 appeal."). The Agreement also notes that if the Southern District of New York lawsuit "resumes in any manner, or the Federal Circuit . . . remands [this] case to

the District Court, [Linfo] . . . shall file a Stipulated Dismissal with Prejudice." *Id.* § 4(b).

Altogether, the Agreement demonstrates that Trustpilot no longer has a stake in the outcome of this litigation. We encountered a similar situation in *Aqua Marine*, in which the patent owner, Aqua Marine, contested the district court's determination that its patent was invalid. 247 F.3d at 1218. Before the notice of appeal was filed, the parties entered into an agreement "to settle all the claims now pending between them" which required that the parties file a joint proposed order to vacate the district court's invalidity judgment. *Id.* at 1218–19. The district court refused, and Aqua Marine persisted in its appeal. *Id.* at 1219.

We noted that "[w]hile in some circumstances the opposing party's lack of interest will not bar adjudication on the merits, the outcome is different *when the appellant is responsible for the opposing party's lack of continued interest*, for example, as here by a settlement." *Id.* at 1220 (internal citation omitted) (emphasis added). In dismissing Aqua Marine's appeal, we held, "where, as here, the alleged infringer has settled the infringement issue, and no longer professes any interest in defending its declaratory judgment of invalidity, the case has become moot as a result of the voluntary act of the patentee." *Id.*

Here, Linfo is responsible for Trustpilot's lack of interest in this case and thus mooted this appeal. Linfo may have an interest in further asserting the '428 patent, but, like the patent owner in *Aqua Marine*, its actions have precluded its invalidity challenge. The Agreement's grant of a license to the '428 patent solves the issue of infringement upon which this lawsuit is premised. *See* Agreement § 2.1(a). If the district court litigation "resumes in any manner," Linfo will dismiss the action with prejudice. *See id.* § 4.1(b). Linfo and Trustpilot are no longer adversaries in this litigation; instead, due to the settlement, Trustpilot

"no longer professes any interest in defending" the invalidity determination, and, as such, "the case has become moot as a result of the voluntary act of the patentee." *Aqua Marine,* 247 F.3d at 1220.

In supplemental briefing, Linfo argues the appeal is not moot because § 2.1(d)'s preservation of Trustpilot's right to fully participate in this appeal, § 4(b)'s discussion of the district court litigation, and the recitals' language all indicate the parties understood a controversy still exists between the parties. Suppl. Br. 2–4. Further, Linfo argues that this court's decision in *Avid Identification Systems, Inc. v. Crystal Import Corp.*, 603 F.3d 967 (Fed. Cir. 2010) demonstrates Trustpilot's freedom to participate in the appeal is sufficient to prove there is a live controversy. Suppl. Br. 7–9. Neither argument is availing.

First, Linfo's position is plainly contradicted by § 3.1 which states the Settlement Fee is "[i]n consideration of *the settlement of all claims in the Lawsuits.*" Agreement § 3.1 (emphasis added). This term looks very similar to the one referenced in *Aqua Marine* that led to our dismissal. *See* 247 F.3d at 1219 (noting a provision of the settlement agreement stating the parties "have now entered into an agreement to settle all the claims now pending between them").

Linfo also highlights a recital which states, "[whereas], the Parties disagree as to the validity, enforceability, and infringement of the Patents-In-Suit." Agreement at 1. This sole statement is unpersuasive. It defies logic to contend that, after Trustpilot has been granted a license to the '428 patent, it still has a stake in the patent's "validity, enforceability, and infringement." *Id.* Further, such a contention is not borne out by Trustpilot's actions; Trustpilot declined to participate in this appeal shortly after the Agreement's effective date. *See* ECF No. 17.

Second, Linfo misreads *Crystal Import* in arguing that stipulations to a case or controversy are sufficient to

demonstrate Article III standing. Though we stated in *Crystal Import* that "[a] live controversy still exists because [Defendant] remained free under the settlement agreement to oppose [the] appeal on the merits," the settlement agreement also included consideration that was tied to the outcome of the litigation. 603 F.3d at 971–72. In *Allflex USA, Inc. v. Avid Identification Systems, Inc.*, we discussed the importance of consideration in determining mootness of an appeal. 704 F.3d 1362, 1367–69 (Fed. Cir. 2013). Specifically, we explained how the value of consideration tied to a litigation's outcome influences mootness. *Id.* In doing so, we compared the consideration at issue in *Allflex* to the consideration in *Crystal Import*, which equaled "the entirety of the jury award for patent infringement, which [Defendant] would have been legally obligated to pay . . . if the '326 patent were not held unenforceable." *Crystal Import,* 603 F.3d at 971–72. In contrast, the consideration in *Allflex* was "completely untethered to the value of any of the issues on appeal," and thus we dismissed the case. *See* 704 F.3d at 1369.

Rather than supporting Linfo's arguments, these cases demonstrate that "the arrangement leading to the one-party appeal" must "reflect[] the existence of a legitimate, continuing case or controversy." *Id.* at 1369. Linfo has failed to prove Trustpilot has a stake in this appeal, and thus this appeal lacks a "legitimate, continuing case or controversy."

## CONCLUSION

We have reviewed the remainder of Linfo's arguments and find them unpersuasive. For the foregoing reasons, we dismiss.

## DISMISSED

### COSTS

No costs.